UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| BRANDON L. WRIGHT, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:21-CV-246-RLJ-SKL |
| LARRY WALLACE and STEPHEN D. CRUMP, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff, an inmate in the McMinn County Justice Center, has filed a pro se complaint for violation of 42 U.S.C. § 1983 challenging his current incarceration [Doc. 2], and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

**I.     FILING FEE**

As it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] that he is unable to pay the filing fee, this motion will be **GRANTED**.

Because Plaintiff is incarcerated in the McMinn County Justice Center, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income

exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the McMinn County Justice Center and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     COMPLAINT SCREENING

### A.  Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausibly claim. *Twombly*, 550 U.S. at 570.

However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Complaint Allegations

On November 12, 2020, Plaintiff had a preliminary hearing in front of Judge Wiley Richardson [Doc. 2 p. 4]. At this hearing, Matthew Jirles testified that he was the victim of a crime [*Id.*]. However, Deputy Reed, the McMinn County officer who investigated and arrested Plaintiff, testified that the report Mr. Jirles filed on October 25, 2020, the date of the alleged incident, was "very inconsistent" with his testimony at the preliminary hearing [*Id.*]. According to Plaintiff, Judge Wiley Richardson then stated that he would not dismiss the matter but opined that "the evidence being presented did not constitute the severity of the charges against [Plaintiff]" [*Id.*]. Then, on March 16, 2021, Defendants 10th Judicial District Attorney General Stephen D. Crump and 10th Judicial District Grand Jury Foreman Larry Wallace "filed a true bill against [Plaintiff] for charges Judge Wiley Richardson said were unconstitutional" [*Id.*]. Plaintiff thus claims that he has been incarcerated for a year even after Deputy Reed testified that Mr. Jirles "was telling different stories" [*Id.*].

Plaintiff has sued 10th Judicial District Attorney General Stephen D. Crump and 10th Judicial District Grand Jury Foreman Larry Wallace [*Id.* at 3–4]. As relief, Plaintiff seeks Defendants' removal from their positions, financial compensation for his pain and suffering due to false incarceration, and expungement of his criminal record [*Id.* at 5].

### C. Analysis

First, it is apparent that Plaintiff seeks relief from pending state court criminal proceedings. However, the Court must abstain from considering such claims based on the doctrine the Supreme Court set forth in *Younger v. Harris*, 401 U.S. 37 (1971). Specifically, in *Younger*, the Supreme Court held that, absent extraordinary circumstances, federal equity jurisdiction may not enjoin pending state prosecutions, as states have a special interest in enforcing their own laws in their own courts. *Id.* at 44. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted). As such, federal courts should abstain from addressing a claim arising from a state prosecution where: (1) a state proceeding is ongoing; (2) an important state interest is involved; and (3) the party has an adequate opportunity to raise constitutional challenges in the state proceeding. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996). State criminal proceedings involve important state interests. *See, e.g., Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000).

Thus, as Plaintiff seeks both equitable and legal relief for his claims arising from his pending state court proceedings, if Plaintiff's complaint adequately stated a claim upon which relief may be granted under § 1983, the Court would stay this matter pending resolution of the underlying criminal charges against Plaintiff. *O'Brien v. Herold*, No. 2:20-CV-02406, 2021 WL 364255, at *7 (S.D. Ohio Feb. 3, 2021) ("When a plaintiff seeks both equitable relief and legal relief, many courts in the Sixth Circuit stay the entire case rather than treat each form of requested relief differently" (citations omitted)); *see also Doe v. Lee*, No. 3:20-CV-00610, 2020 WL 4926607, at *7 (M.D. Tenn. Aug. 21, 2020) ("'[W]hen application of *Younger* abstention is proper

and the plaintiff is seeking money damages and equitable relief the appropriate procedure is to stay the proceedings rather than dismiss the case without prejudice'"(quoting *Cummings v. Husted*, 795 F. Supp. 2d 677, 694 (S.D. Ohio 2011) (citation omitted)). However, as Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983 as to any Defendant, the Court will dismiss the complaint, rather than stay this action.

Specifically, Plaintiff appears to assert that the Defendants Crump and Wallace are liable under § 1983 for his current incarceration based on an indictment because the evidence does not support his charges. However, Defendant Attorney General Crump is a prosecutor and therefore absolutely immune from suit for his initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

Moreover, Plaintiff has not set forth any factual allegations from which the Court can plausibly infer that his incarceration is unreasonable and therefore violates his Fourth Amendment rights. The Fourth Amendment does not separately ban false arrests, false imprisonments, and malicious prosecutions but rather prohibits only "'unreasonable' 'seizures.'" *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1158, 1160–61 (6th Cir. 2021). But courts generally classify claims challenging detention after issuance of legal process on constitutional grounds as malicious prosecution claims. *Id.* at 1160–61. Such a claim requires "a plaintiff [to] show that the state lacked probable cause for the prosecution (or detention)." *Id.* at 1164. But "'a probability or substantial chance of criminal activity'" is sufficient to establish probable cause, and "[a] grand jury's indictment [] creates a presumption that probable cause existed, one that the plaintiff can overcome only by showing that the defendant fabricated evidence or recklessly made false statements outside the grand jury." *Id.* at 1164 (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018)).

5

While Plaintiff contends that the alleged victim of his crime has told two separate stories, that an officer noted the differences in the victim's story, and that a state court judge opined that the evidence presented at Plaintiff's preliminary hearing did not appear to support the severity of the charges against him, these allegations concern the weight of the evidence against Plaintiff and the prosecution's decision to bring certain charges against him. They do not rebut the presumption that probable cause for the indictment against Plaintiff existed, or otherwise allow the Court to plausibly infer that that no probable cause for Plaintiff's current incarceration exists, such that it is unreasonable under the Fourth Amendment.

Accordingly, even liberally construing the complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983 as to any named Defendant, and it will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the McMinn County Justice Center and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

    **IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge